**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| KAREN COCHRAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-0512-CV-W-FJG |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| TERRY MAYS and JOE JACKSON, | ) | |
| Defendants. | ) | |

# ORDER

Pending before the Court is Plaintiff's Motion to Remand to State Court with Supporting Suggestions (Doc. No. 11).

## I. Background

On May 19, 2010, defendants removed this case from the Circuit Court of Jackson County, Missouri, at Kansas City. See Doc. No. 1. Defendants indicated at that time that diversity jurisdiction was present because Defendant Jackson, a resident of the same state as plaintiff, was fraudulently-joined. However, defendants have since abandoned that position, and have conceded that diversity jurisdiction is not present. See Doc. No. 18, p. 2, n. 1 and Doc. No. 19. Defendants further indicated in their notice of removal that plaintiff's petition asserts a claim that is "inextricably intertwined" with the language contained in a Collective Bargaining Agreement ("CBA"), and that therefore the Railway Labor Act, 45 U.S.C. § 151, *et seq.,* applies to her claims.

Plaintiff's 13-page petition (Doc. No. 1-2) generally alleges that defendants violated the Missouri Human Rights Act (MHRA) by discriminating against plaintiff on the basis of her sex. At paragraph 20 of her petition, plaintiff states, by way of example, that:

> From approximately September 2005 and continuing through August 2008, Plaintiff's male co-workers received additional work and overtime assignments that Plaintiff, because of her sex, did not receive, despite the fact that International Brotherhood of Electrical Workers Union (IBEW) contract with Defendant Union Pacific required overtime work be given out based on seniority, with the equal sharing of overtime.

Defendants argue that this reference to a contract is in fact a reference to the CBA, giving this Court jurisdiction over plaintiff's claims. In paragraph 22 of plaintiff's petition, she asserts that "Although Defendants had a call in list for after hour repairs that was supposed to list each electrician in order of seniority, Defendants distributed call in lists wherein Plaintiff was listed last, causing Plaintiff to lose out on work assignments and the opportunity for overtime." Furthermore, paragraph 26(h) of her petition indicates that the "Labor Agreement" governs issues of "seniority" and "rotating overtime fairly."

**II.    Motion to Remand (Doc. No. 11)**

Plaintiff argues that remand is appropriate in this matter, as plaintiff did not allege a federal question. Plaintiff indicates that her claims arise out of the MHRA, not the CBA, and that the Railway Labor Act does not preempt these state law claims. Plaintiff requests the case be remanded to the Circuit Court of Jackson County, Missouri.

    A.    <u>Standard</u>

As the parties removing this action, defendants have the burden of establishing federal jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Hartridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969); Sullivan v. First Affiliated Secs. Inc., 813 F.2d 1368 (9th Cir. 1987), cert. denied, 484 U.S. 850 (1987). Moreover, all doubts about removal must be resolved in favor of remand because removal statutes are strictly construed against removal. See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100 (1941). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." State of Missouri ex rel. Pemiscot County, Missouri v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995); In re Business Men's Assurance Co. of Am., 922 F.2d 181, 183 (8th Cir. 1978) (per curiam).

Removal of an action from a state court to a federal court is proper if the case originally could have been brought in federal court. 28 U.S.C. § 1441(a). Federal question

jurisdiction depends upon whether the "action arise[s] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Under the "well-pleaded complaint rule," courts examine the face of the complaint to determine whether any claim arises under federal law. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). This rule means plaintiffs generally may avoid federal jurisdiction if they rely exclusively upon state law. Id. It is permissible for plaintiffs who may have a viable federal claim to choose not to pursue that claim. Id.; see also First Federal Savings & Loan v. Anderson, 681 F.2d 528, 533-34 (8th Cir. 1982) (plaintiffs' claims must present a federal question "unaided by anything alleged in anticipation of avoided defenses"). Furthermore, "[d]efendants are not permitted to inject a federal question into an otherwise state law claim and thereby transform the action into one arising under federal law." Central Iowa Power Coop v. Midwest Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009) (internal quotations and citations omitted).

> When state law creates the cause of action, original federal jurisdiction is unavailable unless it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims or that one or the other claim is really one of federal law.

McNeil v. Franke, 171 F.3d 561, 564 (8th Cir. 1999) (internal quotations and citations omitted).

The corollary to the well-pleaded complaint rule, however, is the "complete preemption rule." "The complete preemption doctrine holds that when congress intends the preemptive force of a statute to be so extraordinary that it completely preempts an area of state law, any claim purportedly based on that preempted state law is considered from its inception, a federal claim, and therefore arises under federal law." Doe v. Norwest Bank Minnesota, N.A., 107 F.3d 1297, 816 (8th Cir. 1997) (quoting Caterpillar, 482 U.S. at 393). The "complete preemption" rule applies only in limited circumstances.

B. Analysis

3

Plaintiff argues, and this Court agrees, that the only cause of action pled in plaintiff's petition is a sex discrimination claim under the Missouri Human Rights Act. Plaintiff notes that a state law cause of action is not preempted by the Railway Labor Act if it involves rights and obligations independent of the CBA. See Hawaiian Airlines v. Norris, 512 U.S. 246, 260 (1994). Fact questions about an employer's conduct and motives do not "require a court to interpret any term of a collective-bargaining agreement." Id. at 261(internal quotation omitted). See also Thomas v. Union Pacific Railway Co., 308 F.3d 891, 893 (8th Cir. 2002) (same). The "mere need to reference of consult a collective bargaining agreement during the course of state court litigation does not require preemption." Gore v. Trans World Airlines, 210 F.3d 944, 949 (8th Cir. 2000). Plaintiff indicates that her claims are that Defendants Union Pacific, Terry Mays, and Joe Jackson discriminated against her because of her sex with regards to communication, training and work assignments. Plaintiff states that paragraph 20 of her complaint merely indicates that plaintiff was not given the same access to overtime work that was given to male electricians. Plaintiff argues that her sex discrimination claim will not involve interpretation of the CBA, but rather involves the conduct or motive of defendants as to whether they acted intentionally in failing to give plaintiff opportunities equal to those given to her male counterparts.

In opposition, defendants assert that any action that is substantially dependent upon analysis of a collective bargaining agreement is completely preempted under the Railway Labor Act. Defendants attempt to cast plaintiff's claim as an "overtime dispute," which should be completely preempted by the RLA. The Court finds defendants' argument to be unpersuasive. Instead of being an "overtime dispute," this case is about sex discrimination, and the CBA is referred-to in a minor fashion in the state-court petition. The Court agrees with plaintiff that resolution of her claims is not dependent on the language of the CBA; instead, plaintiff has simply used the violation of one of its policies as an example of alleged disparate treatment. Plaintiff's MHRA claim is not "inextricably intertwined" with any term

4

of a collective bargaining agreement. See Gore v. trans World Airlines, 210 F.3d 944, 949 (8th Cir. 2000).

Therefore, plaintiff's motion to remand (Doc. No. 11) will be **GRANTED**. However, the Court will decline plaintiff's request for her attorney's fees and other expenses.

### III. Conclusion

Therefore, for the foregoing reasons:

(1) Plaintiff's Motion to Remand (Doc. No. 11) will be **GRANTED**;

(2) All other pending motions will be **DENIED AS MOOT**;

(3) This case is **REMANDED** to the Circuit Court of Jackson County, Missouri, at Kansas City. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated:  08/23/10
Kansas City, Missouri

**/S/FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge